477 P.2d 546

**ASSOCIATES FINANCE CORPORATION, an Arizona corporation, Appellant,**

**v.**

**James C. WALTERS and Liberty Trailer Sales, Inc., an Arizona corporation, Appellees.**

No. 1 CA–CIV 962.

Court of Appeals of Arizona, Division 1, Department B.

Dec. 1, 1970.

Rehearing Denied Jan. 26, 1971.

Review Granted March 23, 1971.

428

Renaud, Cook, Miller & Cordova, by Joseph B. Miller, Phoenix, for appellant.

Pain & Julian, by Fred·J. Pain, Jr., Phoenix, and Moore, Romley, Kaplan, Robbins & Green, by Kenneth J. Sherk, Phoenix, for appellees.

JACOBSON, Judge.

■ Appellant, Associates Finance Corporation, was successful in this court in having a judgment against it reduced from $85,062.06 to $5,178.33. *See* Associates Finance Corp. v. Walters, 12 Ariz.App. 369, 470 P.2d 689 (review denied October 20, 1970). Following the filing of our opinion, appellant timely filed a statement of costs on appeal to which Walters timely objected. The principal objection was to an item for "cost of premium for supersedeas and cost of bond filed pursuant to order of Superior Court dated 6/25/68," in the sum of $6,000.00.

The factual background surrounding the posting of the supersedeas bond on this appeal as gathered from affidavits filed in connection with the objections to the statement of costs are as follows. Following the entry of judgment in appellee's favor in the sum of $85,062.06, but prior to the disposition of post trial motions, appellees

caused execution to issue against Associates. Associates then filed a motion to stay execution pending determination of the post trial motions. Because appellees insisted that a supersedeas bond be filed before the execution would be quashed, appellant posted a supersedeas bond in an amount agreed upon between counsel. The only agreement between counsel related to the amount of the bond—$100,000.00.

As stated in State v. Griswold, 8 Ariz. App. 361, 446 P.2d 467 (1968): "[Costs] are creatures of statute, and unless provided for by statute, they are not recoverable."

A.R.S. § 12–331 (1956) provides for taxable costs in the Supreme Court, which by Rule 47, Rules of the Supreme Court, 17 A.R.S. is made applicable to the Court of Appeals. There is no provision in this statute which makes premiums paid for supersedeas bonds taxable costs. While A.R.S. § 12–332 makes "sums paid a surety company for executing any bond or other obligation" a taxable cost in Superior Court, there is no comparable statutory provision providing for the recovery of such costs in the appellate courts. Associates, in this case, by the express provision of § 12–342, subsec. A, is only entitled to its cost on appeal and is adjudged to pay costs in the trial court.[1]

Thus it would appear that a hiatus in the statutes occurs concerning supersedeas bonds in furtherance of an appeal, unless as Associates contends, the "catch all" language of § 12–331, subsec. 5 includes supersedeas bonds within its description of "[s]uch other disbursements as may have been incurred pursuant to an order of the court or agreement of the parties."

■ The costs recoverable under this subsection are twofold: (1) Where incurred by order of the court, or (2) by agreement of the parties. In our opinion the *court,* referred to in this subsection is the appellate court and not the Superior Court.

1. We do not decide the question of whether A.R.S. § 12–332 dealing with sums paid a surety company might be applicable to a supersedeas bond upon a complete reversal on appeal and remand to the trial court for entry of judgment in favor of a successful appellant.

This becomes clear when this subsection is read in connection with A.R.S. § 12–332, subsec. A, par. 6 which provides for taxable cost in the Superior Court to include "[o]ther disbursements made or incurred pursuant to an order * * *." In this case, the Court of Appeals has not entered any order concerning the supersedeas bond here involved.

 Nor does the fact that the adverse parties agreed as to the *amount* of a supersedeas bond convert that into a disbursement incurred pursuant to an agreement. This agreement merely relieved the trial court of the responsibility of setting the amount of the supersedeas bond and cannot be construed as an agreement to make the cost of the bond premium a taxable cost on appeal.

It is therefore ordered, that appellee's objections to appellant's Statement of Costs insofar as the cost of supersedeas bond premiums is concerned are sustained. It is further ordered that appellant recover costs in this court in the sum of $1,899.95 for filing fees, preparation of abstracts and briefs and for transcripts on appeal.

EUBANK, P. J., and HAIRE, J., concur.