486 P.2d 797

**ASSOCIATES FINANCE CORPORATION,
an Arizona corporation, Appellant,**

v.

**James C. WALTERS and Liberty Trailer
Sales, Inc., an Arizona corpora-
tion, Appellees.**

**No. 10401.**

Supreme Court of Arizona,
In Banc.

July 15, 1971.

Rehearing Denied Sept. 17, 1971.

Renaud, Cook, Miller & Cordova by Joseph B. Miller, Phoenix, for appellant.

Pain & Julian by Fred J. Pain, Jr., Moore, Romley, Kaplan, Robbins & Green by Kenneth J. Sherk, Harrison Myers & Singer by Mark I. Harrison, Phoenix, for appellees.

UDALL, Justice:

The sole issue before us in this case is whether the premium paid for a supersedeas bond may properly be assessed as costs on appeal.

In the trial court the plaintiffs, James C. Walters and Liberty Trailer Sales, Inc., brought an action against the defendant, Associates Finance Corporation, for an accounting as to reserves withheld by the financing company on retail conditional sales contracts purchased by it from the plaintiff, a retail mobile-home dealer. The jury returned a verdict in favor of the plaintiffs in the amount of $85,062.06. On appeal, the Court of Appeals reduced the judgment to $5,178.33. Associates Finance Corporation v. Walters, 12 Ariz.App. 369, 470 P.2d 689 (1970). We denied review.

After the above opinion by the Court of Appeals was handed down, Associates Finance timely filed a statement of costs on appeal to which Walters timely objected. The Court of Appeals awarded costs to Associates Finance totaling $1,871.95 [1] for transcripts on appeal, filing fees, and preparation of abstracts and briefs. However,

1. In the Court of Appeals opinion, the amount awarded as costs was actually $1,899.95. 13 Ariz.App. at 429, 477 P.2d at 548. However, in his Motion for Rehearing Walters pointed out an apparent clerical error of $28.00 in the opinion of the Court of Appeals. Pursuant to a stipulation by the parties, the Court of Appeals entered an order making the necessary correction and awarding Associates Finance its costs of $1,871.95 for transcripts on appeal, filing fees, and preparation of abstracts and briefs. Those costs are not at issue before us in this appeal.

the Court of Appeals denied the request of Associates Finance for reimbursement of costs of approximately $6,000 incurred as the premium on a supersedeas bond filed pursuant to an order of the trial court. The Court of Appeals held that there is no provision in our statutes which allows the premium paid for a supersedeas bond to be taxed as costs on appeal. Associates Finance Corporation v. Walters, 13 Ariz.App. 427, 477 P.2d 546 (1970). We granted Walters' petition for review of that decision.

The decision of the Court of Appeals is vacated. For the reasons advanced below, we hold that Associates Finance is entitled to recover costs in the amount expended by Associates Finance for the premium paid on the supersedeas bond.

When an appeal is taken, the appellant may obtain a stay of execution of the judgment by posting a supersedeas bond. Rule 62(d), (e), and Rule 73(k), (1), Rules of Civil Procedure, 16 A.R.S. In the instant case, Walters caused execution to issue against Associates Finance following the entry of judgment by the trial court but prior to the disposition of the post-trial motions. Associates Finance then filed a motion to stay the execution pending determination of the post-trial motions. Associates Finance argued that a supersedeas bond was unnecessary inasmuch as Associates Finance was a financially responsible subsidiary of a national finance company and there would be little question of its ability to pay the judgment. Nevertheless, Walters, through his attorney, would not agree to a stay of execution except upon the posting of the bond in the amount of $100,000 to cover the judgment and costs, interest, and damages in the event the judgment was upheld. Upon the posting of the bond by Associates Finance, the trial court in a minute entry dated June 25, 1968, ordered that execution of judgment be stayed pending further order of the court. The trial court also approved the bond as to form for supersedeas both on appeal and on the motion pending before the trial court. In other words, the bond was in-

tended to cover not only the disposition of the post-trial motions but the appeal as well.

In its statement of costs filed with the Court of Appeals, Associates Finance stated that the premium charged by the surety company for the supersedeas bond amounted to approximately $6,000. The question before us is whether Associates Finance should be reimbursed by Walters for this expense.

A.R.S. § 12–341 provides:

"The successful party to a civil action shall recover from his adversary all costs expended or incurred therein unless otherwise provided by law."

In the instant case the appeal from the trial court was by Associates Finance, the party against whom judgment was rendered in the trial court, and the decision of the Court of Appeals was also against that party, but for a lesser amount. Under these circumstances, the provisions of A.R.S. § 12–342, subsec. A apply:

"§ 12–342. *Costs on appeal.*

A. On an appeal by the party against whom judgment was given in the court below, if the judgment of the appellate court is against him, but for a lesser amount, *he shall recover costs in the appellate court, but shall be adjudged to pay costs in the court below.* If the judgment of the appellate court is against him for the same or a greater amount than in the court below, the adverse party shall recover costs in both courts." [Emphasis added.]

From this statute it is clear that Associates Finance is to recover costs in the appellate court, while Walters is to recover costs in the trial court. The supersedeas bond for $100,000 was executed on June 25, 1968, and was approved by the trial court on the same date. Thereafter the post-trial motions pending before the trial court were disposed of and notice of appeal was filed on July 10, 1968. The matter has been before the Court of Appeals and this Court since that time. Hence, the bond was in effect in the trial court for only about 15

days of the three years it has been in force. Under these circumstances we are of the opinion that there is no need to apportion the premium as between the length of time the case was before the trial court and the time it has been before the appellate courts. In other words, the entire bond premium shall be considered to be a cost on appeal rather than part of it being considered a cost in the trial court.

The supersedeas bond was posted on June 25, 1968, and was scheduled to run for a term of three years—i. e., through June 24, 1971. The three-year period has expired and the bond has been renewed for one year at a premium which figures out to $166.67 per month. The total bond premium, then, will be $6,000, plus $166.67 per month for each month or portion thereof beginning June 25, 1971, and ending as of the date the bond is exonerated upon the satisfaction of judgment.

A.R.S. § 12–331 sets forth the costs which are recoverable in the Supreme Court.[2] Subparagraph 5 thereof provides as follows:

"§ 12–331. *Taxable costs in supreme court.*

Costs in the supreme court shall include:

\*   \*   \*   \*   \*   \*

5. Such other disbursements as may have been incurred pursuant to an order of the court or agreement of the parties."

2. This statutory provision also applies to the Court of Appeals, inasmuch as A.R.S. § 12–120.31 provides that fees and costs

We are of the opinion that the bond premium in the instant case is a recoverable cost under A.R.S. § 12–331, subsec., 5, supra. The premium on the supersedeas bond was incurred pursuant to an agreement of the parties and was approved by an order of the trial court. The agreement was entered into because Walters, through his attorney, would not agree to a stay of execution except upon the posting of the $100,000 bond. The bond was intended to cover not only the disposition of the post-trial motions then pending before the trial court but the appeal as well.

For the reasons stated in this opinion, we hold that Associates Finance is entitled to recover the cost of the bond premium. It is therefore ordered that the appellant, Associates Finance Corporation, recover costs from the appellees, James C. Walters and Liberty Trailer Sales, Inc., in the amount actually expended by Associates Finance for the premium on the supersedeas bond.

So ordered.

STRUCKMEYER, C. J., HAYS, V. C. J., and LOCKWOOD, J., concur.

NOTE: Justice JAMES DUKE CAMERON did not participate in the determination of this matter.

in the Court of Appeals shall be the same as in the Supreme Court.