WILLIAM S. HIRSCH; WILLIAM PITT, III; PERCY C. STANLEY; EUGENE R. BEARDSLEE; THEODORE J. PYRTEK; HAROLD BUSHBERG; FRANK STUHLMAN; LEONARD ALCARO; DONNA MOTORS, EMIL J. ABAGNALE, PROP.; T.G.S., INC.; WILLIAM CADIEUX; HARRY CORSON; AND MARGO REBEIL, PLAINTIFFS-APPELLANTS, v. TUSHILL, LTD., INC.; AND JAMES P. TUCHINSKY; RUIZ AND SONS AUTO SALVAGE; UNITED GRAPHICS CORPORATION; AND NEW JERSEY NATURAL GAS CO., DEFENDANTS, AND JERSEY CENTRAL POWER AND LIGHT COMPANY, DEFENDANT-RESPONDENT.

Argued September 29, 1987—Decided June 29, 1988.

*Michael A. Sicola,* argued the cause for appellant (*Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski,* attorneys; *Richard E. Arvidson,* of counsel).

*Douglas S. Brierley,* argued the cause for respondent (*William R. Albrecht,* attorney).

PER CURIAM.

A jury returned a verdict in favor of plaintiffs against defendant Jersey Central Power & Light Company (JCP & L).

Pending its appeal to the Appellate Division JCP & L posted a supersedeas bond, pursuant to *Rules* 2:9–5(a) and 2:9–6(a), staying execution of the judgment. The Appellate Division reversed the judgment for plaintiffs and awarded JCP & L its costs on appeal. The question now posed is whether the Appellate Division properly allowed JCP & L, as part of its taxed costs, the premium paid for the supersedeas bond. We conclude that the cost of the bond may not be allowed under the relevant statutes and court Rules. We therefore modify the Appellate Division's order.

I

The facts are few and undisputed. Defendant Tushill, Ltd., Inc. is engaged in the business of repairing and restoring antique cars. Plaintiffs, owners of twenty-three antique automobiles that were destroyed in a fire at Tushill's garage, filed suit against JCP & L and a number of other defendants, alleging, *inter alia,* negligence in the installation and maintenance of electrical service and in the supply of electricity, which plaintiffs claimed caused the fire.

The jury returned a verdict of $853,000 against JCP & L alone in favor of plaintiffs and two defendants-cross-claimants, the other named defendants having been found not liable. The trial court denied JCP & L's motion for judgment notwithstanding the verdict or in the alternative for a new trial.

In order to stay the judgment pending appeal, JCP & L posted a supersedeas bond, approved by the trial court, in an amount in excess of $1,000,000. See *R.* 2:9–5(a) and 2:9–6(a). In an unreported opinion the Appellate Division reversed, concluding that the evidence at trial failed to sustain even an inference that JCP & L was in any wise negligent. This Court denied certification. 104 *N.J.* 473 (1986).

Having prevailed on the merits of its appeal, JCP & L moved before the Appellate Division to recover its costs of appeal, totalling $18,729.50. See *R.* 2:11–5. Of the total amount,

$11,355.00 represented the net premium paid for the supersedeas bond. By order dated July 15, 1986, the Appellate Division granted JCP & L's application *in toto.* On September 8, 1986, that court denied plaintiffs' motion for reconsideration of the July Fifteenth order. This Court granted plaintiffs' petition for certification. 107 *N.J.* 88 (1987).

II

The allowance of costs is generally committed to the court's discretion. *Fortugno Realty Co. v. Schiavone–Bonomo Corp.,* 39 *N.J.* 382, 396 (1963); *Hughes v. Eisner,* 8 *N.J.* 228, 229 (1951). However, inasmuch as the allowance of costs is "unknown to the common law," such an award must be provided for by statute or court Rule. *In re Caruso,* 18 *N.J.* 26, 38 (1955); *United States Pipe and Foundry Co. v. United Steel Workers of Am.,* 37 *N.J.* 343, 355 (1962); *Helton v. Prudential Property and Casualty Ins. Co.,* 205 *N.J.Super.* 196, 203 (App.Div.1985).

In *N.J.S.A.* 22A:2–3, the legislature has provided that this Court

> may by general rule, or by a special rule in any action pending therein, make such order for the payment of the cost of the transcript and of printing the briefs, appendices, and other proceedings, and other disbursements and expenses by either party, and the taxation and allowance thereof in the bill of costs, as the court may deem just.

Pursuant to *N.J.S.A.* 22A:2–5, the Appellate Division also may award such costs and allowances as are provided for in *N.J.S.A.* 22A:2–3. Finally, under *Rule* 2:11–5,

> [s]uch costs as are recoverable by law, including the cost of the transcript and the reasonable expense of printing or reproducing briefs, appendices, motions and petitions, shall be taxed by the clerk of the appellate court in the manner ordered by the appellate court or in the absence of such order, in favor of the prevailing party * * *.

JCP & L concedes that the premium for a supersedeas bond is not specifically enumerated as an item of taxable costs in either *N.J.S.A.* 22A:2–3 or *Rule* 2:11–5. Urging the application of the principle of *ejusdem generis,* see *Salomon v. City of*

*Jersey City*, 12 *N.J.* 379, 388–89 (1953), JCP & L contends that the enumerated costs in both the statute and the Rule do not exhaust the list of recoverable costs, but are simply an indication of the class of costs that may be awarded by the appellate courts. JCP & L argues that the bond premium falls within this class, and that the Appellate Division properly exercised its discretion in awarding the cost of the bond as a taxed cost. Although we agree that the statute and Rule do not necessarily list all possible costs that may be awarded, we do not agree that a supersedeas bond premium is included in the class of recoverable costs.

We begin with the premise that enactments in derogation of the common law, such as the enactments at issue here, ordinarily are strictly construed. *E.g.*, *Fivehouse v. Passaic Valley Water Comm'n*, 127 *N.J.Super.* 451, 456 (App.Div.), certif. den., 65 *N.J.* 565 (1974). More specifically, a number of courts have held that statutes providing for the recovery of costs are to be strictly construed. See N. Singer, 3A *Sutherland Statutory Construction* § 67.09 at 373–74 (Sands 4th Ed.1986), and the authorities cited therein. We also note the general rule, long adhered to in this state, that litigants should bear the costs of their own expenses incurred in prosecuting or defending their interests. *See, e.g., Sunset Beach Amusement Corp. v. Belk*, 33 *N.J.* 162, 167 (1960); *Finch, Pruyn & Co. v. Martinelli*, 108 *N.J.Super.* 156, 159 (Ch.Div.1969); *cf. Satellite Gateway Communications, Inc. v. Musi Dining Car Co.*, 110 *N.J.* 280, 285 (1988) (" 'sound judicial administration is best advanced if litigants bear their own counsel fees.' In accordance with this policy, unless legal fees are authorized by statute, court Rule, or contract, they are not recoverable.") (citations and footnote omitted)). Recall too that *N.J.S.A.* 22A:2–3 expressly limits the category of recoverable costs to those that this Court "may deem just."

There being no New Jersey authority directly on point, the parties have referred us to a number of cases from other jurisdictions in support of their respective positions. There are

a number of jurisdictions, unlike New Jersey, that have specifically provided by statute or court Rule that the cost of a bond premium is recoverable as a taxed cost. *See, e.g., Lerman v. Flynt Distrib. Co.*, 789 *F.*2d 164, 166 (2d Cir.) (Fed.R.App.P. 39(e) specifically provides for the recovery of premiums paid for supersedeas bond), *cert.* den., —— U.S. ——, 107 *S.Ct.* 404, 93 *L.Ed.*2d 357 (1986); *Golf West of Kentucky, Inc. v. Life Investors, Inc.*, 178 *Cal.App.*3d 313, 316, 223 *Cal.Rptr.* 539, 540 (1986) (both statute and court rule allow recovery of surety bond premium); *Giemza v. Allied Am. Mut. Fire Ins. Co.*, 10 *Wis.*2d 555, 564a–64b, 106 *N.W.*2d 609, 609–10 (1960) (statute provides that a party entitled to recover costs may include premium paid for supersedeas bond).

In those jurisdictions that have no statute or court Rule allowing the recovery of such premiums, the authorities have split on this question. *Compare, e.g., Associates Fin. Corp. v. Walters*, 107 *Ariz.* 315, 317, 486 *P.*2d 797, 799 (1971) (appellant entitled to recover cost of supersedeas bond premium) *with Thornton v. Illinois Founders Ins. Co.*, 84 *Ill.*2d 365, 371, 49 *Ill.Dec.* 724, 728, 418 *N.E.*2d 744, 748 (1981) (in absence of statute or agreement of the parties, cost of appeal-bond premium is not recoverable) *and Centennial Ins. Co. v. Liberty Mut. Ins. Co.*, 69 *Ohio St.*2d 50, 51–52, 430 *N.E.*2d 925, 926–27 (1982) (cost of premium not recoverable where "there is no statute which expressly permits a court to tax as a cost the *expense* of a premium paid for a supersedeas bond."). *See generally* Annotation, *Taxable Costs and Disbursements as Including Expenses for Bonds Incident to Steps Taken in Action*, 90 *A.L.R.*2d 448 (1963) (collecting cases).

Although JCP & L's argument is not entirely without merit, we are persuaded that the cost of the premium is not recoverable as a taxed cost under *N.J.S.A.* 22A:2–3 and *Rule* 2:11–5. As the Supreme Court of Ohio has stated, "[c]osts [do] not necessarily cover all of the expenses [incurred,] and they [are] distinguishable from fees and disbursements." *Centennial Ins. Co., supra,* 69 *Ohio St.*2d at 51, 430 *N.E.*2d at 926 (quoting

*State ex rel. Comm'rs of Franklin County v. Guilbert,* 77 *Ohio St.* 333, 338–39, 83 *N.E.* 80, 81 (1907)). We conclude that the expense of the premium is not within the class of recoverable "costs" under the statute and Rule as now written, but is rather a necessary expenditure incidental to the protection of a party's interests that that party should bear on appeal. We recognize that for reasons of their own, plaintiffs in this case would not consent to a stay of the judgment without a bond being posted. Nevertheless, JCP & L had procedural options available to it by which it might have stayed execution on the judgment and at the same time have avoided the expense of the premium. Plaintiffs' opposition notwithstanding, JCP & L could have moved before the trial court for an order allowing a cash deposit in lieu of a bond, *see Rule* 1:13–3(c), or for other relief "on good cause shown" under *Rule* 2:9–5(a). Foregoing both of these possible alternatives, JCP & L voluntarily chose a third option, namely, posting the supersedeas bond. We cannot conclude that it is "just" to require plaintiffs to indemnify JCP & L for that expense. *See N.J.S.A.* 22A:2–3.

A comparison with those costs that have been disallowed at the trial level is instructive. In our view, the bond premium is more closely akin to those expenses that have been held *not* recoverable under *Rule* 4:42–8 than it is to the enumerated recoverable expenses listed in *N.J.S.A.* 22A:2–3 and *Rule* 2:11– 5. *Compare Helton v. Prudential Property and Casualty Ins. Co., supra,* 205 *N.J.Super.* at 202 (expert witness fees do not fall within the ambit of taxed costs under relevant statutes and court Rules) *and Finch, Pruyn v. Martinelli, supra,* 108 *N.J.Super.* at 159–60 (deposition expenses not generally recoverable as taxed costs) *with N.J.S.A.* 22A:2–3 (allowable costs include "the cost of the transcript and of printing the briefs, appendices, and other proceedings") *and Rule* 2:11–5 (recoverable costs "includ[e] the cost of the transcript and the reasonable expense of printing or reproducing briefs, appendices, motions and petitions").

Aligning ourselves with what we perceive to be the majority view, we hold, in the absence of statute or court Rule expressly authorizing the recovery of the cost of a supersedeas bond premium, that that expense shall not be allowed as a taxed cost. In respect of the remaining items of taxed costs allowed in this case, we are unable to say that the Appellate Division mistakenly exercised its discretion in awarding them. However, inasmuch as that court erred as a matter of law in awarding the cost of the premium, we conclude that it was a mistaken exercise of the court's discretion to deny plaintiffs' motion for reconsideration. Accordingly, the Appellate Division's order of July 15, 1986, is modified to disallow recovery of the cost of the premium, and JCP & L is awarded total costs in the Appellate Division of $7,374.50. As so modified the July Fifteenth order is affirmed.

So ordered. No costs.

*For modification and affirmance* —Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, O'HEARN, GARIBALDI and STEIN—6.

*Opposed*—None.