108 N.J. Super. 156 (1969)
260 A.2d 259
FINCH, PRUYN & COMPANY, INC., A NEW YORK CORPORATION, PLAINTIFF,
v.
JOSEPH MARTINELLI, HELEN MARTINELLI, AND MONMOUTH COUNTY NATIONAL BANK, A NATIONAL BANKING ASSOCIATION, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Argued December 19, 1969.
Decided December 19, 1969.
*157 Mr. Cyrus J. Bloom attorney for the plaintiff.
*158 Mr. Robert Silver appeared for the defendant Joseph Martinelli (Messrs. Bilder, Silver & Lawrence, attorneys).
Mr. John J. Pagano appeared for defendant Helen Martinelli.
LANE, J.S.C.
This matter is before the Court on plaintiff's notice of motion to settle the terms of the final judgment. The issue before the court is whether plaintiff is entitled to have taxed as part of its costs the expense of depositions taken during the course of the proceedings.
The complaint was filed September 21, 1967, seeking to recover on various notes dated May 15, 1967 given by defendant Joseph Martinelli to plaintiff and seeking to specifically enforce an agreement by Joseph Martinelli that he would execute and deliver to plaintiff a mortgage on all real estate owned by him. Ultimately, judgments were entered against Joseph Martinelli in the total amount of $20,000. No relief could be given to plaintiff on the specific performance count because it was found that on July 14, 1967 and August 18, 1967 Joseph Martinelli had conveyed to his wife, defendant Helen Martinelli, his interest in certain premises they held as tenants by the entirety, his only interest in real estate.
A fourth supplemental complaint was filed October 14, 1968 joining Helen Martinelli. This complaint sought a judgment setting aside the conveyances from Joseph Martinelli to Helen Martinelli. The matter came on for trial on November 12, 1969. At the conclusion of testimony the court rendered an oral opinion holding that the conveyances were fraudulent as against plaintiff and would be set aside.
The depositions involved and their expenses are as follows:

 Feb. 7, 1968 Joseph Martinelli $116.00
 Dec. 20, 1968 Joseph Martinelli,
 Helen Martinelli and
 Henry Sant'Ambrogio 182.50

*159
 Feb. 19, 1969 Robert Martinelli 69.50
 Mar. 14, 1969 Robert Martinelli 69.50
 April 16, 1969 Joseph Martinelli and
 Helen Martinelli 87.25

Costs normally are allowed as of course to a prevailing party, R. 4:42-8(a); however, their allowance is discretionary. In determining what costs may be allowed, in the absence of specific authorization by Supreme Court rule the court must find statutory authority. U.S. Pipe, etc. v. United Steelworkers of America, 37 N.J. 343, 355 (1962).
N.J.S.A. 22A:2-8 provides that a party is entitled to include in his bill for costs "his necessary disbursements," including "The costs of taking depositions when taxable, by order of the court; * * *"
The policy established by our Supreme Court is that each litigant should bear his own expenses in prosecuting and defending his individual interest. Sunset Beach Amusement Corp. v. Belk, 33 N.J. 162, 167 (1960). This court has been unable to find any reported case since 1948 in which the expenses of depositions were ordered to be included in the prevailing party's bill of costs. Our Supreme Court referred to such expenses in U.S. Pipe, etc. v. United Steelworkers of America, supra, where Justice Hall stated:
* * * Such costs comprise principally certain statutory allowances, amounts paid the clerk in fees, and various other specified disbursements of counsel including sheriff's fees, witness fees, deposition expenses and printing costs. Allowance is controlled by court rule and is ordinarily discretionary with the court in the particular case. [37 N.J., at 355-356]
The clerk of the court has advised that orders directing the taxation of the expenses of depositions are not uncommon in this Division.
It would appear that the policy expressed in Sunset Beach Amusement Corp. v. Belk, supra, precludes the routine direction for taxation of the expenses of depositions in every case. N.J.S.A. 22A:2-8 must contemplate that in certain *160 cases justice will require that the losing party bear the expense of depositions taken during the course of the proceedings.
Any depositions taken before the filing of the fourth supplemental complaint would fall in the category of expenses normally undertaken by litigants in the prosecution of their causes of action. The initial claims against Joseph Martinelli involved no fraud or other reprehensible conduct on his part. There were no extraordinary circumstances in the cause of action or in the conduct of the defense. There is no reason why the plaintiff should not bear the expense of the February 7, 1968 deposition.
Plaintiff, in obtaining judgments against Joseph Martinelli, bore not only the expense of the routine steps but also counsel fees. Justice requires that the expense of depositions incurred to set aside the fraudulent conveyances made to frustrate plaintiff's opportunity to satisfy its claims should be borne by defendants where the depositions were necessary and were actually used at the trial. At the trial the depositions taken December 20, 1968 and April 16, 1969 were used. Such depositions were necessary. Accordingly, the cost of those two depositions, totaling $269.75, will be included in the taxed bill of costs against both Joseph and Helen Martinelli. The other two depositions were not used at the trial nor were they helpful. The motion insofar as it relates to the other depositions will be denied.