257 N.J. Super. 308 (1992)
608 A.2d 431
JACQUELINE VELLI, PLAINTIFF-RESPONDENT,
v.
RUTGERS CASUALTY INSURANCE COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 2, 1992.
Decided June 24, 1992.
Before Judges R.S. COHEN, A.M. STEIN and KESTIN.
Nicholas M. Benedetti argued the cause for appellant (Bruce M. Resnick, attorney, Nicholas M. Benedetti on the brief).
*309 Joseph Sayegh argued the cause for respondent (Goldenberg, Mackler & Sayegh, attorneys, Mark Pfeffer on the brief).
The opinion of the court was delivered by R.S. COHEN, J.A.D.
Plaintiff sued defendant, her auto insurer, for personal injury protection (PIP) benefits. At the nonjury trial, she presented the videotaped deposition of her medical expert witness. Plaintiff prevailed on the merits and sought inclusion in her judgment not only of her counsel fees, but also of the $1013 cost of the videotaped testimony, representing the physician's fee of $500 and the videotaping cost of $513. Over defendant's objection, plaintiff was awarded the cost of the testimony. We reverse.
Winning litigants ordinarily pay their own counsel fees and litigation costs. Sunset Beach Amusement Corp. v. Belk, 33 N.J. 162, 167, 162 A.2d 834 (1960). Exceptions have been created by statute. See, e.g., 15 U.S.C. § 2310(d)(2) (1982) (Magnuson-Moss Warranty Act); 42 U.S.C. § 1988(b), (c) (1992) (Civil Rights Attorney's Fees Award Act); N.J.S.A. 2A:15-59.1 (frivolous litigation statute); N.J.S.A. 10:5-27.1 (Law Against Discrimination); N.J.S.A. 22A:2-1 et seq. (taxed costs); N.J.S.A. 56:12-42 ("Lemon" Law). Other exceptions appear in our court rules. See R. 4:42-9.
The New Jersey No Fault Law, N.J.S.A. 39:6A-1 et seq., provides for interest on overdue payments of PIP benefits. N.J.S.A. 30:6A-5c. It does not provide for reimbursement to a successful PIP claimant for fees or expenses (beyond taxed costs) incurred in prosecuting the PIP claim. R. 4:42-9(a)(6) authorizes counsel fee awards to successful claimants on liability or indemnity insurance policies, but not to first-party claimants for casualty or other direct coverage. See cases collected in S. Pressler, Current N.J. Court Rules, R. 4:42-9(a)(6) Cmt. at 1004-05 (1992).
*310 In Maros v. Transamerica Ins. Co., 76 N.J. 572, 579, 388 A.2d 971 (1978), and Cirelli v. Ohio Casualty Ins. Co., 72 N.J. 380, 384-85, 371 A.2d 17 (1977), the Supreme Court ruled that a court can, in its discretion, award counsel fees to a successful PIP claimant. See also Darel v. Pennsylvania Mfrs. Ass'n Ins. Co., 114 N.J. 416, 426-27, 555 A.2d 570 (1989). The rulings were terse, but were clearly driven by the Court's recognition of the unique characteristics of PIP suits: they involve frequently small insurance claims made under a statute which is entitled to liberal construction to effect its purpose. N.J.S.A. 39:6A-16. That purpose is the swift delivery of contractual PIP benefits without regard to fault, and without protracted litigation, to defray the economic costs of auto accidents. Olivero by Olivero v. New Jersey Mfrs. Ins. Co., 199 N.J. Super. 191, 197, 488 A.2d 1071 (App.Div. 1985); Hoglin v. Nationwide Mut. Ins. Co., 144 N.J. Super. 475, 479-80, 366 A.2d 345 (App. Div. 1976). Suits for small but meritorious PIP claims can be unfairly discouraged if successful claimants have to pay substantial attorneys' fees. Cirelli and Maros did not deal, however, with the question of the recoverability of the cost of expert trial testimony.
We dealt with that matter in Helton v. Prudential Property & Casualty Ins. Co., 205 N.J. Super. 196, 500 A.2d 717 (App.Div. 1985). There, a successful PIP claimant sought to recover the fee charged by her medical expert for his trial testimony. The Helton court pointed out that a PIP claim is rooted in a statute that does not authorize recovery of expert witness fees, and therefore held that such fees were an expense that the claimant had to bear. Id. at 201-02, 500 A.2d 717. The court also held that there was no authority for the proposition that expert fees were recoverable taxed costs. Id. at 202-04, 500 A.2d 717. We agree with Helton.[1]See also Housing *311 Auth. of Long Branch v. Valentino, 47 N.J. 265, 267, 220 A.2d 196 (1966) (trial court's denial of counsel and expert witness fees not in error since there was no statutory authorization for them).
Another Part of this court has questioned the Helton ruling in footnote dicta. Kowaleski v. Allstate Ins. Co., 238 N.J. Super. 210, 218 n. 4, 569 A.2d 815 (App.Div. 1990). Kowaleski decided that an insurer whose PIP payments were overdue under N.J.S.A. 39:6A-5b did not thereby lose its rights to contest the PIP claim. The case did not involve the claimant's counsel fees or litigation costs. Yet, the court took issue with Helton and expressed a contrary view based on the concept of expert witness fees as taxable costs as distinguished from recoverable damages. Id.
Kowaleski did not note that Helton had been cited with apparent approval two years earlier by the Supreme Court in Hirsch v. Tushill, Ltd., Inc., 110 N.J. 644, 646, 649, 542 A.2d 897 (1988). The appellant there had posted a supersedeas bond at a premium cost of $11,355. After it prevailed on appeal, the appellant sought to recover the premium as a cost of its successful appeal. The Supreme Court ruled that it could not do so. In its discussion, the Court cited Helton for the proposition that the allowance of costs was unknown to the common law, and thus "such an award must be provided for by statute or court Rule." Id. 110 N.J. at 646, 542 A.2d 897. Three pages later, the Supreme Court described the supersedeas bond premium as "more closely akin to those expenses that have been held not recoverable under Rule 4:42-8," which allows costs to prevailing litigants. Id. at 649, 542 A.2d 897 (emphasis in original). It then cited Helton and described its holding that *312 "expert witness fees do not fall within the ambit of taxed costs under relevant statutes and court Rules." Id.
The Supreme Court's citation of Helton in Hirsch surely does not imply disapproval of its holding or its analysis. Rather, it signals comfort with Helton's refusal to allow expert witness fees to successful PIP claimants in addition to counsel fees. The Supreme Court might also have expressed in Darel, supra, 114 N.J. 416, 555 A.2d 570, any discomfort it felt with Helton, but it did not do so.
The Legislature could also have disapproved Helton. It has been clear since 1985 that the controlling cases permitted counsel fees but barred recovery of expert witness fees by successful PIP claimants. The Legislature has not acted to correct those rulings. In 1983, it dealt with such fees in a closely related context. The statute for compulsory arbitration of personal injury auto accident claims, permits a party to demand a trial de novo. L. 1983, c. 358; N.J.S.A. 39:6A-31; R. 4:21A-6(c). The demanding party must pay "court costs and other reasonable costs of the other party ... including attorney's fees, investigation expenses and expenses for expert or other testimony or evidence," unless the judgment is more favorable to the party demanding the trial, in which case the court may reduce or eliminate the assessment to the extent of the difference. N.J.S.A. 39:6A-34 (emphasis added).
The Legislature enacted language of similar effect in the 1988 frivolous litigation statute. N.J.S.A. 2A:15-59.1a provides for an award to the prevailing party in a civil action of "all reasonable litigation costs and reasonable attorney fees" if the judge finds that a position of the "nonprevailing person was frivolous." Reasonable litigation costs can include the cost of producing necessary expert witnesses. See Fagas v. Scott, 251 N.J. Super. 169, 198, 597 A.2d 571 (Law Div. 1991).
When the Legislature wants to give a successful party the opportunity to recover witness fees, it knows how to do so. When the Supreme Court wants to create a similar opportunity, *313 it also knows how to do so. The No Fault Law has been the subject of frequent attention in the last decade by both the Supreme Court and the Legislature. Each has dealt with the subject of attorneys' fees in the context either of PIP suits, post-arbitration de novo trials, or frivolous litigation.
The proper disposition of this appeal does not depend on a close reading of ancient precedents or the manipulation of sophisticated legal concepts. The answer comes from considerations of public policy. The costs of prosecuting PIP litigation loom large, and so do the costs of defense. Assigning those costs to one party or the other can significantly affect the prosecutability, and also the defendability, of PIP claims. The No Fault Law has been in effect for almost 20 years. The courts have created a balance: a successful PIP claimant can recover counsel fees (Cirelli and Maros) but not witness fees (Helton), and not punitive damages, Kubiak v. Allstate Ins. Co., 198 N.J. Super. 115, 486 A.2d 879 (App.Div. 1984), certif. denied, 101 N.J. 290, 501 A.2d 952 (1985); Milcarek v. Nationwide Ins. Co., 190 N.J. Super. 358, 463 A.2d 950 (App.Div. 1983). A PIP claimant frustrated by a carrier's frivolous defense may recover "all reasonable litigation costs." N.J.S.A. 2A:15-59.1a. This balance is neither compelled nor condemned by any legal doctrine. However, it is a balance which we are loathe to upset in the absence of indications either that it has worked inequity or that it does not satisfy the Supreme Court or Legislature. Either of them, of course, can correct any error on our part in this regard.
Reversed.
NOTES
[1] There are special situations in which witness fees are available to a successful claimant in addition to counsel fees. Equity and probate matters are among them. In re Caruso, 18 N.J. 26, 112 A.2d 532 (1955). So too, by virtue of statute, are federal Civil Rights Act claims. Bung's Bar & Grille, Inc. v. Florence Tp. Council, 206 N.J. Super. 432, 478-486, 502 A.2d 1198 (Law Div. 1985).