710 A.2d 1019 (1998)
311 N.J. Super. 557
Michael J. BUCCINNA, Plaintiff-Appellant,
v.
Denise MICHELETTI, Davis T. London, the Woodbine Developmental Center, and the New Jersey Department of Human Services, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Submitted March 23, 1998.
Decided April 29, 1998.
Gorman & Rauh, Rio Grande, for plaintiff-appellant (John R. Rauh, Rio Grande, on the brief).
Peter Verniero, Attorney General, for defendants-respondents (Joseph L. Yannotti, Assistant Attorney General, of counsel; Gregory A. Spellmeyer, Deputy Attorney General, on the brief).
*1020 Before Judges PETRELLA, SKILLMAN and STEINBERG.
The opinion of the court was delivered by PETRELLA, P.J.A.D.
Plaintiff Michael J. Buccinna filed a complaint against defendants Denise Micheletti, Davis T. London, Woodbine Developmental Center (Woodbine), and the New Jersey Department of Human Services alleging violation of his rights under the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -8, commonly referred to as the "Whistleblower Act." The complaint alleged, among other things, that defendants had retaliated against Buccinna for reporting abuse of a client at Woodbine where plaintiff was and is employed. After a bench trial, the trial judge, in a letter opinion dated December 5, 1996, found no violation of CEPA and dismissed the complaint. Thereafter, by notice of motion the public entity defendants sought an order assessing costs in the amount of $12,220.48. After hearing arguments on the application, the judge entered an order on May 1, 1997, taxing costs aggregating $9,766.73. Plaintiff appeals from that order, contending that an award of costs is inappropriate in a CEPA action, and that deposition and expert witness expenses were not properly awardable as costs.
We need not recite at length the facts and allegations in the underlying case.[1] Suffice it to say that Buccinna was employed as a behavior modification program technician at Woodbine and supported allegations made by a young client of improper treatment by Woodbine personnel. The parties conceded prior to trial, and do not dispute on appeal, that in January 1994, plaintiff reported in good faith what he thought was the improper treatment of that client at Woodbine. A nurse had also reported the complaints. Thereafter, Buccinna was temporarily reassigned to what he considered an unfavorable post at Woodbine and required to take "improvement" classes as a result of charges that he committed infractions of Woodbine's rules. With respect to the disciplinary actions taken against Buccinna the trial judge found that he had not presented a prima facie case of retaliation, and even if such a prima facie case had been presented, the articulated reasons given by Woodbine clearly overcame the presumption of discrimination, and its actions did not constitute "other adverse employment actions." The judge found that Woodbine's decision to take the actions it did were justified.
It is clear that defendants prevailed at the trial and therefore Buccinna would be the proper party against whom any taxed costs would be assessed. R. 4:42-8(a). Authority for assessing costs must be found in either the Court Rules or a statute. United States Pipe & Foundry Co. v. United Steelworkers of America, 37 N.J. 343, 355, 181 A.2d 353 (1962). The costs that are contemplated in the Court Rules are in the usual case those authorized in N.J.S.A. 22A:2-8. However, imposition of taxed costs is discretionary. Hirsch v. Tushill Ltd., 110 N.J. 644, 646, 542 A.2d 897 (1988); see N.J.S.A. 2A:15-59.
The May 1, 1997 order awarded defendants the following costs, all payable by Buccinna:

1. Cipolloni & Associates - depositions
 M. Buccinna  5/17/95 .................................... $490.20
 M. Buccinna  5/24/95 ................................... 385.80
 M. Buccinna  6/5/95 .................................... 422.20
 M. Buccinna  11/20/95 .................................. 216.80
 B. Witkowski  11/28/95 ................................. 152.00
 C. Soulon & C. Farrow 
 11/29/95 ........................................ 403.80
 D.R. Buccinna & M. Vergara 
 3/19/96 ......................................... 292.20

*1021
 M. Malone  3/22/96 ..................................... 187.80
 M. Stires  3/29/96 .................................... 241.80
 Total: $2,792.60
2. Vipin Gupta, M.D.
 IME of plaintiff & report ..................................... 300.00
 Prep for trial ................................................ 125.00
 Court appearance/testimony .................................... 2,200.00
 Total: $2,625.00
3. Dr. Ronald S. Gruen
 Evaluation & testing of plaintiff;
 Review of records; report ..................................... 1,000.00
 Court appearance/testimony .................................... 1,401.70
4. John Brick, Ph.D. -
 Review of medical records ..................................... 750.00
5. Bradford Jungels, D.D.S.
 IME of plaintiff & report ..................................... 400.00
6. Triangle Reprocenter .......................................... 726.43
7. Prudential Insurance Co.
 Medical records copy fee....................................... 71.00
 Total: $9,766.73

I.
The trial judge may have been under the impression that because the expenses sought by defendants were arguably necessary to properly prepare the case for trial, although no such finding was made, that those expenses equated with reimbursable litigation costs that could be taxed by the court. In this respect the judge erred.
The purpose of CEPA is to encourage employees to exercise their rights under the act while affording them protection from retaliation for engaging in such conduct. See Abbamont v. Piscataway Bd. of Educ., 138 N.J. 405, 417, 650 A.2d 958 (1994). CEPA provides in N.J.S.A. 34:19-6:
A court, upon notice of motion in accordance with the Rules Governing the Courts of the State of New Jersey, may also order that reasonable attorneys' fees and court costs be awarded to an employer if the court determines that an action brought by an employee under this act was without basis in law or in fact. However, an employee shall not be assessed attorneys' fees under this section if, after exercising reasonable and diligent efforts after filing a suit, the employee files a voluntary dismissal concerning the employer, within a reasonable time after determining that the employer would not be found to be liable for damages.
There was no finding that Buccinna's cause of action was without basis in law or in fact and, hence, attorneys' fees and court costs were not properly awardable under this statute. We note the similarity in the standard of "without basis in law or fact" in the quoted statute to the standard in the frivolous claim law, N.J.S.A. 2A:15-59.1. That statute states that in order for costs to be awarded to the prevailing party because of a frivolous claim, a showing should be made that the nonprevailing party either brought the claim in bad faith for harassment, delay, or malicious injury; or "knew, or should have known that the complaint [or] counterclaim ... was without basis in law or equity...." N.J.S.A. 2A:15-59.1b(2).
There was no showing in the case at bar that the complaint was "in bad faith, solely for the purpose of harassment, delay or malicious injury," or had no "reasonable basis in law or equity." N.J.S.A. 2A:15-59.1b(2).[2] In fact, defendants conceded for the purposes of trial that Buccinna acted in good faith.
Neither CEPA nor the frivolous claim law were relied on below by defendants. *1022 However, plaintiff argued the non-applicability of costs because of CEPA in the trial court and here, and defendants have cited certain portions of the frivolous claim law on this appeal. Because appeals are from judgments, not the reasons given by the judge, Glaser v. Downes, 126 N.J.Super. 10, 16, 312 A.2d 654 (App.Div.1973), certif. denied, 64 N.J. 513, 317 A.2d 726 (1974), we have considered these statutes in reviewing the trial court's award of costs to defendants. See Isko v. Planning Bd. of Tp. of Livingston, 51 N.J. 162, 175, 238 A.2d 457 (1968); Ellison v. Evergreen Cemetery, 266 N.J.Super. 74, 78, 628 A.2d 793 (App.Div.1993). Simply stated, in light of the fact that there was no issue of plaintiff's lack of good faith, and the fact that there was no finding that the suit was either frivolous or without basis in law or fact, the imposition of these costs was inappropriate under CEPA or the frivolous claims statute. See N.J.S.A. 2A:15-59.1a(1) and (2); N.J.S.A. 34:19-1 et seq.; Velli v. Rutgers Casualty Ins. Co., 257 N.J.Super. 308, 312, 608 A.2d 431 (App.Div.), certif. denied, 130 N.J. 597, 617 A.2d 1220 (1992).

II.
Because costs and fees were not awardable under either CEPA or N.J.S.A. 2A:15-59.1, we next consider the viability of the award under R. 4:42-8(a) and N.J.S.A. 22A:2-8. In R. 4:42-8(a) the authority for allowance of costs is succinctly set forth: "Unless otherwise provided by law, these rules or court order, costs shall be allowed as of course to the prevailing party. The action of the clerk in taxing costs is reviewable by the court on motion." There is no question that the allowance of costs is generally discretionary. N.J.S.A. 2A:15-59.
Our cases generally make clear that deposition costs are not generally recoverable as taxed costs. See Hirsch v. Tushill, Ltd. Inc., supra (110 N.J. at 649, 542 A.2d 897); Finch, Pruyn & Co. v. Martinelli, 108 N.J.Super. 156, 159-160, 260 A.2d 259 (Ch.Div.1969). N.J.S.A. 22A:2-8 does allow a party entitled to an award or allowance of costs the "costs of taking depositions when taxable, by order of the court." However, our case law makes clear that depositions should not be routinely taxed as expenses in every case. Finch, Pruyn & Co. v. Martinelli, supra, see also Sunset Beach Amusement Corp. v. Belk, 33 N.J. 162, 170, 162 A.2d 834 (1960).
The policy of this State is that litigants bear their own expenses for attorneys' fees and costs, except where specifically authorized by statute, rule, or agreement. Velli v. Rutgers Casualty Ins. Co., supra (257 N.J.Super. 308, 608 A.2d 431); Sunset Beach Amusement Corp. v. Belk, supra (33 N.J. 162, 162 A.2d 834). Although deposition costs are awardable, they should not be awarded routinely. See Finch, Pruyn & Co. v. Martinelli, supra (108 N.J.Super. at 159, 260 A.2d 259); Fagas v. Scott, 251 N.J.Super. 169, 200, 597 A.2d 571 (Law Div.1991) see also Velli v. Rutgers Casualty Ins. Co., supra (257 N.J.Super. at 310, 608 A.2d 431).[3] Indeed, when depositions are necessary or required, the length of those depositions is largely out of the hands of an opposing litigant. Discovery abuses have led to complaints that excessive depositions have been used to wear down an adversary and discourage a party from asserting a legal claim. See 1996 Report of the Supreme Court Committee on Civil Practice, Comments on Proposed Amendments to R. 4:14-3 and 4:14-4re Depositions, 143 N.J.L.J. 625 (Feb. 19, 1996), at Supp. 4-5; 2 New Jersey Practice, Court Rules Annotated, Comment on R. 4:14-3, at 35 (Ralph N. Del Deo and John H. Klock) (4th ed. Supp.1997).

*1023 III.
The remaining issue involves the allowability of experts' fees and expenses. We need not address whether expert fees might be allowable as reasonable "litigation costs" under N.J.S.A. 2A:15-59.1a(2) because, aside from any issue of retroactive or prospective application, there is no basis in the record to apply that statute, and neither the judge nor the parties relied on it at the trial level.[4] We turn then to the other potential bases for authorizing an allowance for expert fees. The fees charged by experts are clearly not taxable costs under N.J.S.A. 22A:2-8. See Hirsch v. Tushill, Ltd., supra (110 N.J. at 649, 542 A.2d 897); Helton v. Prudential Ins. Co., 205 N.J.Super. 196, 205, 500 A.2d 717 (App.Div.1985). Expenses for either an expert preparing for trial or obtaining an expert's report are merely costs incident to trial preparation. In the absence of statute or rule, they are part of the expenses that must be borne by every litigant in their own case. The statute which allows for the taxation of costs does not contemplate the paying of fees or expenses for expert witness preparation, reports and testimony in a civil case. Since this statute is in derogation of the common law, which did not recognize an award of costs, it is strictly construed. Hirsch v. Tushill, Ltd., supra (110 N.J. at 647, 542 A.2d 897).
The reference in N.J.S.A. 22A:2-8 to reimbursement of the "legal fees of witnesses, including mileage for each attendance," refers to reimbursement for subpoena fees and mileage costs for "attending at court," N.J.S.A. 22A:1-4, which are in the usual case relatively minor expenses.[5]
It is discretionary with the court to allow various reproduction costs, including costs for obtaining copies of certain records. However, in this case the transcript of the motion proceeding reflects that the judge denied the $726.43 for "blow-up" costs paid to Triangle Reprocenter. The order nonetheless contains an award for that cost. Those costs were disallowed by the judge. Thus, that provision in the order appears contrary to the judge's intent and inadvertent. Accordingly, we vacate that portion of the order.
Reversed, except for the allowance of the copying fee for medical records which is affirmed.
NOTES
[1] The facts and allegations are set out in the trial judge's comprehensive letter opinion dated December 5, 1996.
[2] This statute was amended effective January 20, 1995, to allow costs to public entities that prevail in defending frivolous lawsuits against their present or former employees in civil actions. N.J.S.A. 2A:15-59.1a(2). That statute is nonetheless inapplicable here as it requires that a judicial determination be made that the nonprevailing party's suit was frivolous. Ibid. Such a determination was not made here.
[3] A survey of other jurisdictions evidences similar authority. In federal court, the decision to impose deposition costs is discretionary with the trial court, although "there is general agreement that the expenses of a deposition may be taxed as costs when received in evidence." Evans v. Fuller, 94 F.R.D. 311, 313 (W.D.Ark.1982); see In re Nissan Antitrust Litigation, 577 F.2d 910 (5th Cir.1978), cert. denied, 439 U.S. 1072, 99 S.Ct. 843, 59 L. Ed.2d 38 (1979); Harris v. Twentieth Century-Fox Film Corp., 139 F.2d 571, 572-573 (2d Cir.1943). See also Mary Kay Kane, Arthur R. Miller, and Charles Alan Wright, 10 Fed. Prac. & Proc. Civ.2d § 2676 (1983). In Florida, the deposition is a taxable cost if it serves a "`useful purpose' at trial," even if not introduced into evidence. Fatolitis v. Fatolitis 271 So.2d 227, 229 (Fla.Dist.Ct.1973). And in Ohio, deposition expenses are not taxed as costs unless the deposition is used at trial. Barrett v. Singer Co., 60 Ohio St.2d 7, 396 N.E.2d 218 (1979).
[4] The defendant's moving papers essentially relied on R. 4:42-8 and N.J.S.A. 22A:2-8 and earlier cases applying the statute. See also n. 2, infra.
[5] See as to attendance at depositions, R. 4:10-2(d)(2) and R. 4:14-7(b).