740 A.2d 653 (1999)
326 N.J. Super. 42
JOSANTOS CONSTRUCTION, Plaintiff-Appellant/Cross-Respondent,
v.
Michael BOHRER and Mary Bohrer, Defendants-Respondents/Cross-Appellants.
Superior Court of New Jersey, Appellate Division.
Argued October 19, 1999.
Decided November 10, 1999.
*654 Joseph S. De Amorin, Newark, for plaintiff-appellant/cross-respondent.
Julie C. Blitzer, Princeton, for defendants-respondents/cross-appellants (Hill Wallack, attorneys; Ms. Blitzer, on the brief).
Before Judges PRESSLER and CIANCIA.
The opinion of the court was delivered by CIANCIA, J.A.D.
Plaintiff Josantos Construction sued defendants Michael and Mary Bohrer for money owed on a home improvement contract entered into for the construction of a patio and walkway. Defendants in turn counterclaimed alleging violations of the Consumer Fraud Act in relation to the patio. Plaintiff's claim for money owed for the patio construction was denied, and defendants' counterclaim was granted. In calculating the award to defendants, a credit was given to plaintiff for the cost of the walkway.
On appeal plaintiff contends the consumer fraud damages awarded against it were excessive because their calculation included treble damages for construction defects unrelated to the Consumer Fraud Act. Defendants cross-appeal claiming the judgment in their favor should be increased to include expert fees.
The underlying facts are relatively straight-forward. Defendants contracted with plaintiff to construct a walkway and a cement patio with steps. The trial court *655 found that before the steps were completed, but after all other work had been done, defendant Michael Bohrer signed a Certificate of Completion at plaintiff's request. Because the work was not actually finished when the certificate was signed there was a violation of the Consumer Fraud Act, specifically the regulation set forth at N.J.A.C. 13:45A-16.2(a)(6)(v) that prohibits a seller from requesting a buyer to sign a Certificate of Completion before the home improvement is completed in accordance with the contract. When the steps were finally put in, they did not conform to the construction contract. Subsequently other defects in the work became apparent.
The case was tried without a jury. The trial judge correctly determined that there must be a causal connection between the construction defects and the breach of the Consumer Fraud Act to permit recovery under that act. It is essentially undisputed that there was sufficient causal linkage between the premature signing of the Certificate of Completion and the improperly built steps to support trebling of the $600 damages attributable to that defect. The issue on appeal concerns the additional deficiencies discovered subsequent to the signing of the Certificate of Completion. Those deficiencies consisted of such things as discoloration of the concrete, improper imprinting of the stamped concrete, and cracks in the patio surface. The trial judge found these defects could be remedied at a cost of $4,361.53 and trebled that amount when entering judgment for defendants. Although acknowledging the general proposition that there must be a causal connection between the construction defects and the Consumer Fraud Act, the trial judge failed to articulate what those connections were in the present case. We are unable to ascertain the necessary relationship that would support an award under the Consumer Fraud Act.
Both sides rely on Cox v. Sears Roebuck & Co., 138 N.J. 2, 647 A.2d 454 (1994). In that case, plaintiff's decedent (plaintiff) had entered into a home repair contract with Sears to renovate his kitchen. The work was unsatisfactory in a number of ways, and plaintiff sued. It was ultimately determined Sears had violated the Consumer Fraud Act by breaching various regulations promulgated thereunder. Significantly, Sears had not obtained the required building, plumbing, electrical, and construction permits. In finding that the consumer had suffered an ascertainable loss caused by the unlawful practices of Sears, the Court said:
The record satisfies us that Sears' failure to comply with the Home Improvement Practices regulations visited an ascertainable loss on plaintiff. The purpose of the regulations is to protect the consumer from hazardous or shoddy work. Had all applicable permits been obtained before Sears began work, the issued permits would have triggered periodic inspections of the renovations. An inspector would have detected any substandard electrical wiring or cabinet work and would not have permitted the work to progress or have issued the required certificates until Sears corrected the deficiencies. Because the inspections did not occur, the wiring remained unsafe, the cabinets remained unattractive, and both resulted in a loss measured by the cost of repairing those conditions.

[Id. at 22, 647 A.2d 454.]
By way of contrast, in the present case there was no claim and no proof that plaintiff failed to apply for or obtain any permits or inspections. The only violation of the Consumer Fraud Act was the premature submission of the Certification of Completion to the defendants. It was premature because the steps had not been completed. We fail to see a causal connection between that technical violation of the Consumer Fraud Act and the subsequent discovery of additional defects in the work. The fortuitous occurrence that the signing of the Certificate of Completion preceded the discovery of the deficiencies does not *656 supply the causal connection necessary to establish an "ascertainable loss." The defects in the work would have been discovered in the same manner if the Certificate of Completion had not been presented prematurely or indeed if it had not been presented at all.[1]
In Roberts v. Cowgill, 316 N.J.Super. 33, 719 A.2d 668 (App.Div.1998), we discussed the nature of the causal connection necessary to establish an ascertainable loss under the statute. We distinguished between work defects with sufficient nexus to the Consumer Fraud Act and those not sufficiently related. There the homeowners demonstrated sufficient connection between ascertainable losses and violation of the Act to require the builder to show that no such connection existed. The homeowners prevailed because the builder failed to do so. In the present case we find the homeowners did not meet the initial burden of showing sufficient connection between breach of the consumer fraud regulations and breach of the contract, except as to the patio steps.
Plaintiff's claim for money owed on the patio was properly denied, and defendants' damages claim for breach of contract was correctly upheld. A Consumer Fraud Act violation, however, with its concomitant trebling of ascertainable loss, requires more than the showing of a breach of contract. It requires a causal connection not evident in the present case. Roberts, supra, 316 N.J.Super. at 41, 719 A.2d 668.
Accordingly, the damages awarded must be reduced. Only the $600 attributable to the steps was properly trebled.
Defendants claim on their cross-appeal that they should also have been awarded expert witness fees. They rely on that portion of the Consumer Fraud Act which allows "reasonable costs of suit." N.J.S.A. 56:8-19.
In our view, expert witness fees are not encompassed within the phrase "reasonable costs of suit." The general rule is that litigants bear their own expenses for fees and costs, except where specifically authorized by statute, rule, or agreement. Velli v. Rutgers Casualty Ins. Co., 257 N.J.Super. 308, 309, 608 A.2d 431 (App.Div.), certif. denied, 130 N.J. 597, 617 A.2d 1220 (1992). Expert fees are not taxable costs under N.J.S.A. 22A:2-8. Buccinna v. Micheletti, 311 N.J.Super. 557, 565, 710 A.2d 1019 (App.Div.1998). Nor do we think the Legislature intended the phrase to encompass expert fees. When the Legislature intends the recovery of expert fees, it is perfectly capable of saying so explicitly. See, e.g., N.J.S.A. 39:6A-34 (expert fees recoverable in de novo trial following rejected automobile arbitration award); and N.J.S.A. 54:51A-22 (expert fees recoverable as litigation costs when taxpayer prevails on certain tax matters).
Expert fees are properly classified as litigation costs, as N.J.S.A. 54:51A-22 demonstrates. Thus a general provision allowing recovery of "all reasonable litigation costs" is arguably sufficient to encompass expert fees. See, Weed v. Casie Enter., 279 N.J.Super. 517, 533, 653 A.2d 603 (App.Div.1995), so indicating in the context of N.J.S.A. 2A:15-59.1, the "frivolous litigation" statute. Accord, Fagas v. Scott, 251 N.J.Super. 169, 197-200, 597 A.2d 571 (Law Div.1991). Here the Legislature chose the broader phrase "reasonable costs of suit." We have found no reported case under the Consumer Fraud Act that has awarded expert fees. In our view, *657 they are not intended within the statutory language.
We also agree with the trial judge that in this case the vast majority of the expert's testimony did not go to establishing a breach of the Consumer Fraud Act or to calculating damages thereunder. Defendants' cross-appeal is accordingly denied.
The judgment in favor of defendants is remanded to the trial court for recalculation of damages in conformity with this opinion and entry of the appropriate judgment. We do not retain jurisdiction.
NOTES
[1] As we read the Consumer Fraud Act, N.J.S.A. 56:8-1 et seq., and the Home Improvement Practices regulations promulgated thereunder, N.J.A.C. 13:45A-16.2, there is no requirement that a "Certificate of Completion" be part of a home repair contract. Nor does the Home Repair Financing Act, N.J.S.A. 17:16C-62 et seq., do more than require a contractual notice that a completion certificate not be signed before the project is complete, N.J.S.A. 17:16C-63, and prohibit a contractor from requesting a premature signing of such a certificate. N.J.S.A. 17:16C-66.