756 A.2d 1096

JUDITH GREENFELD, PLAINTIFF, v. CAESAR'S ATLANTIC CITY HOTEL/CASINO; BOARDWALK REGENCY CORP.; CAESAR'S NEW JERSEY, INC., DEFENDANTS.

Superior Court of New Jersey
Law Division Atlantic County

Decided April 18, 2000.

*Jerry C. Goldhagen,* for plaintiff.

*David S. Lieberman,* for defendants.

WILLIAM C. TODD, III, P.J.Cv.

*R.* 4:42–8 provides that costs are to be allowed as of course to a prevailing party. This opinion addresses whether that rule should be applied to actions resolved through the confirmation of an arbitrator's award after the matter has been submitted to mandatory non-binding arbitration pursuant to *R.* 4:21A–1, et seq. The court rules, in their current form, do not address that issue with any specificity. For that reason, the rules create some uncertainty as to the effect of an arbitrator's award and the confirmation of that award with respect to the issue of costs. For the reasons noted below, this court has concluded that the provisions of *R.* 4:42–8 should not be applied to permit or require an award of costs in actions which are resolved through the arbitration process with the confirmation of an arbitrator's award, unless the claim for costs is somehow preserved in the award itself.

This action was instituted by plaintiff to recover damages for injuries arising out of an incident that occurred in July 1996. Plaintiff's complaint was filed in July 1998. That complaint alleged that plaintiff was a patron at defendant's hotel and casino on the day in question, and that she was injured when she was struck in the head by a tray being carried by a waiter. Defendant filed an answer denying liability. The matter proceeded through discovery and was ultimately submitted to mandatory non-binding arbitration pursuant to *R.* 4:21A–1. Prior to arbitration, plaintiff's complaint was dismissed based on plaintiff's failure to answer interrogatories and was subsequently reinstated with the payment of the reinstatement fee required by the court rules. *See R.* 4:23–5. In addition, other proceedings prior to the arbitration resulted in the entry of a separate order awarding fees to defendant based on plaintiff's failure to appear at a deposition and compelling plaintiff's appearance at a subsequent deposition.

The matter was submitted to arbitration January 13, 2000. An award was entered that day reflecting the arbitrator's determina-

tion that defendant was responsible for plaintiff's injury. That award provided for damages in the amount of $7,500.00, exclusive of pre-judgment interest. There is no indication the arbitrator was asked to address any dispute with respect to costs. There is no reference in the arbitrator's award with respect to the issue of costs.

Pursuant to *R.* 4:21A–6, each party did have the right to request a trial before a jury through the filing of an appropriate demand for a trial de novo within 30 days of the date of the award. Neither party filed a demand for a trial de novo within that time period. On February 22, 2000, approximately 40 days after the award was issued, plaintiff's counsel filed a motion to enter judgment based upon the award. In that application, plaintiff specifically requested that the judgment confirm the arbitrator's award of damages, include an allowance for pre-judgment interest in the approximate amount of $670.00, and include an additional allowance for taxed costs in the amount of approximately $250.00. The costs requested included the $175.00 fee paid for the filing of plaintiff's complaint, approximately $19.00 in fees paid to the Sheriff for the service of process, the $15.00 filing fee paid to file the motion to confirm the award, and an additional allowance of $40.00 in costs pursuant to *N.J.S.A.* 22A:2–9.

By implication, both plaintiff and defendant have the right to confirmation of the arbitrator's award, in the absence of the timely filing of an appropriate request for a trial de novo. *See R.* 4:21A–8. Defendant has not opposed plaintiff's request to confirm the award with pre-judgment interest. Defendant has objected, however, to any award of costs pursuant to *R.* 4:42–8. In essence, defendant argues that plaintiff's application for confirmation of the arbitrator's award is governed by the provisions of *R.* 4:21A–1, and that the rule does not contemplate that costs will be awarded upon confirmation of an arbitrator's award. *R.* 4:21A–1 does not address the issue of costs in this context. Conversely, as plaintiff notes, *R.* 4:42–8 provides that costs are to be allowed as of course to a prevailing party. From this court's perspective, the rules,

taken as a whole, are susceptible to varying interpretations with respect to this issue.

In that context, it is appropriate to briefly review our law, as reflected by statute, rule and case law, with respect to the issue of taxed costs. As will be noted below, there are a number of disputes that may arise when costs may be taxed. The potential for those disputes was a substantial factor in this court's resolution of the issue presented here.

The Legislature has provided that costs may be allowed in virtually any proceeding, subject to the discretion of the court. *N.J.S.A.* 2A:15–59 provides as follows:

*Except as otherwise provided by law, costs may be allowed or disallowed in the discretion of the court to any party in any action, motion, appeal or proceeding, whether or not he be successful therein; and where allowed, they may be taxed according to law. (Emphasis added)*

The Supreme Court has dealt with the issue of taxed costs in more detail in *R.* 4:42–8 in the following language:

*4:42–8. Costs.*

*(a) Parties Entitled: Unless otherwise provided by law, these rules or court order, costs shall be allowed as of course to the prevailing party. The action of the clerk in taxing costs is reviewable by the court on motion.*

*(b) Defendants in Certain Actions. Costs shall be allowed against a defaulting defendant in a replevin action only if the defendant has refused to deliver the subject goods and chattels pursuant to written demand therefor made before commencement of the action. Costs shall not be allowed against a defendant in a quiet title action who defaults or files an action disclaiming any right in the subject property, and a defendant in such action who denies in the answer claiming or ever having claimed any right in the subject property may, by court order, be allowed costs.*

*(c) Proof of Costs. A party entitled to taxed costs shall file with the clerk of the court an affidavit stating that the disbursements taxable by law and therein set forth have been necessarily incurred and are reasonable in amount, and if incurred for the attendance of witnesses, shall state the number of days of actual attendance and the distance traveled, if mileage is charged.*

*(d) Effective Date. If a court allows costs to be taxed later than 6 months after entry of judgment or order, or when the judgment or order becomes the subject of review or further litigation later than 6 months after it has been finally disposed of, the judgment for costs shall not take effect before the entry in the civil docket. (Emphasis added)*

*R.* 4:42–8(a) provides that costs are to be allowed as of course to the prevailing party. *R.* 4:42–8(c) contemplates that applications for costs are to be submitted to the clerk in affidavit form. Under *R.* 4:42–8(a), the clerk's action in taxing costs is reviewable by the court on motion.

■ In most cases, applications for costs are normally presented to the clerk after a final order or judgment has been entered. Any party who has "prevailed" can request costs whether that party appeared as a plaintiff, a defendant, or in some other capacity. Presumably, the clerk is ordinarily able to determine which party has "prevailed" by reviewing the order or judgment in question. The rules do not provide any clear limitation as to the time within which applications for costs are to be submitted, or the time within which motions to review the clerk's action in taxing costs must be filed.

■ In this case, plaintiff's request for costs was included in plaintiff's motion to confirm the arbitrator's award. As a result, defendant's attorney was given a specific structured opportunity to respond to that request. None of the rules governing this proceeding required plaintiff's counsel to present his request for costs in that fashion. Assuming *R.* 4:42–8 applies to these circumstances, plaintiff's counsel could just as easily have presented his application for costs to the clerk by affidavit, after judgment was entered confirming the award. Indeed, a strict reading of *R.* 4:42–8(c) would suggest that would be the more appropriate practice, assuming taxed costs are available in these circumstances. From this court's perspective, the manner in which plaintiff's request has been presented has no real bearing on plaintiff's right to costs. By the same token, the procedure contemplated by *R.* 4:42–8, involving subsequent applications to the court, suggests a number of problems from the perspective of litigants who have participated in the arbitration process and who are placed in the position of having to react to an arbitration award within a short period of time. To the extent costs can be taxed following the confirmation of an award, a final resolution as

to the consequences of the award may be delayed for a substantial time, to allow for the submission of an application for costs to the clerk, the clerk's action on that application, and the potential for review by the court. It is legitimate to suggest that those types of additional procedures, inherent in the position advanced by plaintiff, are not contemplated by *R.* 4:21A–1.

There are additional uncertainties presented, given the manner in which our statutes and rules deal with the specific costs which may be taxed. Neither *N.J.S.A.* 2A:15–59 nor *R.* 4:42–8 provide any definition as to the types of expenses to be included in taxed costs, or any specific limitation on the amount of costs which can be taxed. Those issues, however, are dealt with in a number of statutes and in our case law.

*N.J.S.A.* 22A:2–9 provides for relatively nominal amounts of "costs" to be awarded in the Law Division of the Superior Court, dependent on the nature of the underlying proceeding without reference to the actual expenses incurred. Under that statute the costs to be awarded range from $10.00 to $50.00. In pertinent part, that statute provides as follows:

> **22A:2–9. *Law Division of Superior Court; costs awarded.***
>
> *Costs awarded to any party in any action, motion or proceeding in the Law Division of the Superior Court, whether he be plaintiff, defendant, third-party plaintiff or in any manner a party therein, shall be as follows:*
>
> *For all proceedings down to and including final judgment when there has been a trial of an issue of fact, fifty dollars ($50.00).*
>
> *Upon the entry of judgment final, by default, or upon consent, stipulation, or admissions, or upon the pleadings, or by summary judgment or on dismissal, in all actions or proceedings, to the moving party, forty dollars ($40.00).*
>
> *Upon a voluntary dismissal either by stipulation or by order of court, or in any proceeding which has not proceeded to final judgment, twenty dollars ($20.00) . . . .*

In proceedings involving the entry of a final judgment where there has been a trial on an issue of fact, costs are to be awarded in the amount of $50.00. In proceedings involving the entry of judgment by default, on consent, or by way of summary judgment or dismissal, costs are to be awarded in the amount of $40.00. The statute does not deal specifically with matters resolved through arbitration. In this case plaintiff has requested an award

of costs in the amount of $40.00 under the subsection of *N.J.S.A.* 22A:2–9 just noted, dealing with the entry of judgment by default or consent. Plaintiff's counsel argues that the provision of *N.J.S.A.* 22A:2–9 require that costs be awarded in the various proceedings described in that statute which are resolved in the Law Division, including proceedings resolved through arbitration. That is not at all clear. As noted above, *N.J.S.A.* 2A:15–59 provides that costs may be allowed or disallowed in the discretion of the court in any action. In any event, none of the subsections of *N.J.S.A.* 22A:2–9 clearly apply to matters resolved through the arbitration process with the confirmation of an arbitrator's award.

*N.J.S.A.* 22A:2–8 provides for additional expenses to be included in a bill of costs, when costs are to be awarded or allowed. Under that statute, a party to whom costs are awarded is entitled to legal fees for witnesses, including mileage, fees paid for publication, fees paid for service of process, and all filing and docketing fees paid to the clerk of the court. That statute also provides for the inclusion of the costs of depositions, when taxable by order of the court. Our case law illustrates a variety of disputes that can be presented, when taxed costs are available pursuant to the rule and the statute just noted. There is a general recognition that the expense of depositions should not normally be included in taxed costs. *See Buccinna v. Micheletti,* 311 *N.J.Super.* 557, 710 *A.*2d 1019 (App.Div.1998). By the same token, the expense of depositions has been included in taxed costs in specific circumstances. *See Finch, Pruyn & Co., Inc. v, Martinelli,* 108 *N.J.Super.* 156, 260 *A.*2d 259 (Ch.Div.1969), permitting the expense of depositions to be taxed as costs in litigation involving a claim of fraud. Similarly, experts' fees are generally not permitted as taxed costs. *See Buccinna, supra.,* 311 *N.J.Super.* at 565–566, 710 *A.*2d 1019. By the same token, experts' fees have been included in taxed costs in a civil rights action. *See Bung's Bar & Grille, Inc. v. Florence Tp.,* 206 *N.J.Super.* 432, 502 *A.*2d 1198 (Law Div.1985). In *Buccinna,* the Appellate Division recognized that subpoena fees and mileage should be included in

taxed costs, and that the court also has the discretion to award reproduction costs. *See Buccinna,* 311 *N.J.Super.* at 566, 710 *A.*2d 1019.

In most proceedings, the costs which might be taxed will be relatively incidental. Nonetheless, the procedure for taxing costs can give rise to controversy, uncertainty and delay. Again, the uncertainty noted could be a particular problem for any party required to react to an arbitrator's award within a relatively short period of time. A demand for a trial de novo must be filed within thirty days of the arbitrator's award. *See R.* 4:21A–6. In most cases, each of the parties to any particular proceeding would be faced with some uncertainty. The potential questions presented are obvious. Assuming the arbitrator's award is confirmed, will the "prevailing party" actually request an award of taxed costs? When will that occur? What specific costs will be requested? Will the matter require some additional review by the court, as is clearly contemplated under the provisions of *R.* 4:42–8? It bears noting that in some circumstances litigants may be unaware of the specific costs incurred by other parties until an application for costs is presented. That would generally be true, for example, with respect to expenses such as mileage and reproduction costs. As defendant's counsel notes, the same problems and uncertainties would be presented when an arbitration results in an award determining that a plaintiff is not entitled to recover. When that occurs, a prevailing defendant might request costs following the confirmation of the award. Assuming costs can be awarded following the confirmation of an arbitration award, the plaintiff would then be faced with the uncertainty presented with respect to a potential application for costs on behalf of the prevailing defendant. Indeed, in some cases such applications might be presented on behalf of multiple defendants.

Defendant suggests the issue presented here can be resolved by reference to *R.* 4:21A–1. That rule does not deal with this issue. By the same token, various sections of the rule deal with similar issues with some specificity. *R.* 4:21A–5(b) provides that the

arbitration award is to include pre-judgment interest pursuant to *R.* 4:42–11(b). *R.* 4:21A–3 indicates that the provisions of *R.* 4:58 involving offers of judgment are intended to apply to proceedings resolved through the arbitration process. In that manner, the rule provides for one specific circumstance in which applications may be presented to the court following the confirmation of an arbitrator's award. *R.* 4:21A–6 deals with the fees and costs which can be awarded following a trial, in the event a demand for a trial de novo has been filed, focusing on the costs incurred following the filing of that demand for a trial de novo. Defendant argues the failure to preserve the right to taxed costs in the section of the rule dealing with the confirmation of the arbitrator's award suggests the rule was not intended to preserve the right to taxed costs in that circumstance.

■ It is difficult to resolve this issue by reference to the language of the rules, in their current form. As already noted, neither *R.* 4:42–8 nor *R.* 4:21A–1 deal with this issue with any specificity. Appropriate arguments have been advanced for the interpretations of the rules offered by both plaintiff and defendant. It is legitimate to suggest that a party who has prevailed should be entitled to taxed costs, whether that occurs through trial, motion or arbitration, and that *R.* 4:42–8 is intended to have broad application. Conversely, it is legitimate to suggest that *R.* 4:21A–1 was intended to provide very specific definition to the manner in which arbitration awards would be subject to confirmation, and should not be interpreted to permit applications for taxed costs with the potential for additional uncertainty. The arbitration process is obviously intended to simplify and expedite the resolution of disputes. Any party dissatisfied with the results of an arbitration does have the right to demand a trial de novo. In that context, it would appear reasonable to permit any disputes with respect to the issues of costs to be resolved through the arbitration process itself, rather than in proceedings following the confirmation of an arbitrator's award. That simply requires that

any litigant concerned with the issue of costs be prepared to present that dispute at the time of arbitration.

The issue presented here could presumably be resolved through a relatively simple amendment to *R.* 4:42–8 or *R.* 4:21A–1. Pending such an amendment, this court interprets those rules in a manner intended to reduce the controversy and uncertainty that would be presented by permitting an application for taxed costs based upon the confirmation of an arbitrator's award when that claim for costs is not specifically included in the award itself. There is no apparent reason why a party could not ask an arbitrator conducting a proceeding pursuant to *R.* 4:21A–1 to consider a specific claim for costs, and to preserve such a claim in any award issued as a result of the arbitration.

 This court holds that the provisions of *R.* 4:42–8 providing for an award of costs in favor of a prevailing party are not intended to apply to proceedings resolved through the confirmation of an arbitrator's award arising out of mandatory non-binding arbitration conducted pursuant to *R.* 4:21A–1, unless such a claim is specifically preserved in the arbitrator's award. Plaintiff's claim for taxed costs was not preserved in that fashion. On that basis, plaintiff's request for taxed costs is denied. In all other respects, the arbitrator's award is confirmed. An order will be entered accordingly.