**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1672-20

JOHN P. SHARKEY, JR.,

    Plaintiff-Respondent,

v.

PAUL J. SCHULTZ,

    Defendant-Appellant.

_____

> Argued January 4, 2022 – Decided July 25, 2022
>
> Before Judges DeAlmeida and Smith.
>
> On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. SC-000720-20.
>
> Matthew E. Kennedy argued the cause for the appellant (Leary Bride Mergner & Bongiovanni, PA, attorneys; Matthew E. Kennedy, of counsel and on the briefs).
>
> John P. Sharkey, Jr., respondent, argued the cause pro se.

PER CURIAM

In this automobile-negligence case, defendant Paul J. Schultz appeals from a January 13, 2021 order awarding plaintiff John P. Sharkey, Jr. $1,396.26 plus court fees for car repairs. On appeal, defendant contends that a third-party's negligence supersedes his negligent act and relieves him of liability. Additionally, defendant asserts that plaintiff failed to mitigate damages by only filing a claim with defendant's insurance carrier and not his own. He also argues the trial court erred in awarding expert witness fees as part of "reasonable litigation expenses" when the expert's diminution of value report was not admitted into evidence. After carefully reviewing the record in view of the parties' arguments and governing principles, we affirm in part, reverse in part, and remand for entry of an amended judgment.

I.

This case arises from a rear-end motor vehicle accident that occurred on December 18, 2019. Because of the collision, plaintiff's rear bumper sustained "moderate damage." Plaintiff immediately filed a claim with defendant's insurance company.

Plaintiff took his car to Coury's Body Shop to replace the damaged bumper. This repair was funded by defendant's insurance. On his drive home from the body shop, plaintiff noticed that his rear blind side detector was

malfunctioning. Soon thereafter, plaintiff returned to the body shop where the staff advised him that he needed a diagnostic test from a dealership to determine the issue. Plaintiff then retained the professional services of a dealership for the diagnostic test, which cost him an additional $213.25. The diagnostic test revealed that, besides the visible bumper damage, the rear bumper support was damaged, and the harness pinched. The dealership also advised that the body shop had improperly installed a non-original equipment manufacturer (non-OEM) bumper which also needed to be replaced. The dealership fixed all underlying issues besides replacing the faulty bumper. This repair was covered by defendant's insurance.

Plaintiff then returned to the body shop to install the OEM bumper. The body shop quoted to plaintiff that the installation would cost him $1,100 out-of-pocket because defendant's $5,000 insurance coverage had been exhausted by the previous repairs. Plaintiff instead chose to have the bumper replaced by the dealership for $932.97.

Plaintiff filed a complaint in the Special Civil Part on August 27, 2020, seeking contribution for: (1) $932.97 for the second bumper installation; (2) $213.25 for the diagnostic test; and (3) $250 for the cost of obtaining a vehicle diminution of value report. Plaintiff also sought $2,533 for the diminution of

3

his vehicle's value. Due to the jurisdictional limit of legal remedies of small claims courts, plaintiff's damages were capped at $3,000. Defendant countered, alleging that the body shop's negligence severed his liability and, thus, plaintiff's action was improperly filed against him. Defendant also argued that plaintiff could have avoided his out-of-pocket expenses if he initially filed a claim with his own insurance carrier.

The trial court rendered an oral opinion on January 12, 2021, finding that defendant was negligent in the operation of his vehicle and liable for all subsequent consequences of his negligence. The trial court also rejected plaintiff's claim for diminution of value, finding that the report was hearsay because the expert who generated the report did not testify at trial, which precluded defendant from cross-examining the expert and establishing the report's reliability. The trial court also found the expert's methodology speculative and the report uncertified. The trial court entered judgment in favor of plaintiff in the amount of $1,439.22 including court fees.

Defendant argues the following on appeal: (1) the trial court erred in awarding plaintiff damages because the body shop's negligence in its installation was a superseding cause which breaks the causal chain; (2) plaintiff failed to mitigate damages by not filing a claim with his own car insurance carrier; (3)

plaintiff did not establish ownership of the vehicle; and (4) the award must be reduced by $250 because the expert report was not a reasonable litigation expense.

## II.

"Final determinations made by the trial court sitting in a non-jury case are subject to a limited and well-established scope of review . . . ." Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011). "Findings by the trial judge are considered binding on appeal when supported by adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974). However, the trial court's "interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

## III.

### A.

Defendant argues that the body shop's negligence supersedes his negligent act and relieves him of liability. We are not persuaded.

"The fundamental elements of a negligence claim are a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, injury

to the plaintiff proximately caused by the breach, and damages." Robinson v. Vivirito, 217 N.J. 199, 208 (2014). Pertinent to the present matter is whether the body shop's negligence was a superseding cause of plaintiff's injury.

"The concepts of proximate cause and foreseeability are intertwined." Showalter v. Barilari, Inc., 312 N.J. Super. 494, 503 (App. Div. 1998). "Proximate cause connotes not nearness of time or distance, but closeness of causal connection." Cruz-Mendez v. ISU/Ins. Servs. of S.F., 156 N.J. 556, 577 (1999) (quoting Powers v. Standard Oil Co., 98 N.J.L. 730, 732 (Sup. Ct. 1923)). "[T]o be a proximate cause . . . conduct need only be a cause which sets off a foreseeable sequence of consequences, unbroken by any superseding cause, and which is a substantial factor in producing the particular injury." Showalter, 213 N.J. Super. at 503 (alterations in original) (citations omitted).

"A superseding or intervening act is one that breaks the 'chain of causation' linking a defendant's wrongful act and an injury or harm suffered by a plaintiff." Komlodi v. Picciano, 217 N.J. 387, 418 (2014) (quoting Cowan v. Doering, 111 N.J. 451, 465 (1988)). Superseding or intervening acts that "are foreseeable or the normal incidents of the risk created will not break the chain of causation and relieve a defendant of liability." Ibid. (internal quotation marks

A-1672-20

and citations omitted).  A cause is superseding or intervening only when it constitutes the sole cause of the injury.  Ibid.

On this record, we find no basis for concluding that the body shop's negligent repair constituted a superseding cause that extinguished defendant's liability as a matter of law.  The record shows that it was foreseeable that the body shop would not discover latent issues despite the moderate damage the vehicle sustained.  The body shop's negligence was not an independent superseding event that broke the chain of causation initiated by defendant. Komlodi, 217 N.J. at 418.

### B.

Defendant also argues that plaintiff failed to mitigate damages by not filing a claim with his insurance carrier.  We disagree.

"It is well settled that injured parties have a duty to take reasonable steps to mitigate [their] damages."  McDonald v. Mianecki, 79 N.J. 275, 299 (1979). "Damages will not be recovered to the extent that the injured party could have avoided his losses through reasonable efforts without undue risk, burden or humiliation."  Ingraham v. Trowbridge Builders, 297 N.J. Super. 72, 82 (App. Div. 1997) (internal quotation marks and citation omitted).  The burden of proving facts in mitigation of damages rest upon the defendant.  Id. at 83.

Defendant's rank speculation that plaintiff would have been compensated for the negligent repair of the bumper had he submitted a claim with his insurance company does not satisfy his burden to affirmatively show plaintiff acted unreasonably under the circumstances. Moreover, defendant offers no legal support for the proposition that plaintiff had a duty to submit a claim to his own insurance company. Consequently, we find that the trial court properly exercised its discretion in rejecting defendant's argument.

C.

Defendant also argues that plaintiff failed to present evidence establishing his ownership of the vehicle. Although we may consider allegations of errors or omissions not brought to the court's attention if it meets the plain error standard under Rule 2:10-2, we frequently decline to consider issues that were not raised below or not properly presented on appeal. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). Defendant's argument was not raised before the trial court, and we decline to address it now.

D.

Defendant also contends the trial court erred in awarding expert fees in the amount of $250 for an expert report that was not admitted into evidence. We agree for the reasons that follow.

8 <span>A-1672-20</span>

We have previously held that as a general matter, expert fees are not awardable as reasonable litigation expenses. As we explained in Maintainco Inc. v. Mitsubishi, "[g]enerally, 'litigants bear their own expenses for fees and costs, except where specifically authorized by statute, rule, or agreement.'" 408 N.J. Super. 461, 481-82 (App. Div. 2009) (quoting Josantos Constr. v. Bohrer, 326 N.J. Super. 42, 47-48 (App. Div. 1999)). See also R. 4:42-8. In Buccina v. Micheletti, we reiterated: "expenses for either an expert preparing for trial or obtaining an expert's report are merely costs incident to trial preparation. In the absence of statute or rule, they are part of the expenses that must be borne by every litigant in their own case." 311 N.J. Super. 557, 566 (App. Div. 1998) (citing Hirsch v. Tushill, Ltd., Inc., 110 N.J. 644, 648-49 (1988)).

The court properly exercised its sound discretion in excluding the report as plaintiff failed to produce the expert at trial. For reasons we fail to understand, the court then awarded plaintiff expert fees for an inadmissible valuation report, which supported an unavailing claim. In light of the constraints our jurisprudence places upon awards for expert fees, we find the trial court mistakenly exercised its discretion in awarding plaintiff $250.

We affirm as to defendant's first three arguments, but we reverse the trial court's order regarding defendant's payment of the plaintiff's expert fees, and we

remand for the entry of an amended order of judgment for plaintiff in the amount of $1,189.22.

Affirmed in part, reversed in part, and remanded for entry of an amended judgment.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1672-20